253 So.2d 29

**MIDWEST HOMES ACCEPTANCE CORP., a Corp.,**

v.

**Hubert G. LANGDON, Beatrice Crump Langdon, et al.**

**6 Div. 827.**

Supreme Court of Alabama.

Sept. 30, 1971.

**522**

John Self, Hamilton, for appellant.

SIMPSON, Justice.

Suit in the Circuit Court of Marion County, in Equity, wherein appellant alleged that it was the assignee of a 'mortgage, executed by Langdons, appellees, to secure a debt owing by them. The mortgage misdescribed some real property upon which a dwelling house built for appellees (Langdons) was situated. The prayer sought relief incident to the misdescription. The trial court entered a decree dismissing the suit after a hearing on respondents' plea or answer that complainant (appellant) was a foreign corporation not qualified at any time to do business in Alabama, and could not maintain this suit.

The decree of dismissal recited that on February 13, 1969 "the Court proceeded to hear the evidence and does find the following facts:

> "The plaintiff is a foreign corporation and has not met the constitutional and statutory requirements to authorize it to maintain and recover in a lawsuit filed by it in the State of Alabama."

Thereafter follows the decree of dismissal. This appeal is from that decree.

The allegations of the bill of complaint are:

Complainant is an Illinois corporation. The respondents (Langdons) executed an

Fite, Davis & Fite, Hamilton, for appellees.

affidavit of ownership of certain described real property, and executed a mortgage securing their promissory note to IBC Corporation, an Illinois corporation. The mortgage erroneously described certain real estate. The building, according to a survey, was erected on real property not correctly described in the mortgage. The IBC Corporation assigned the mortgage to the complainant, which thereafter assigned the instrument to Associates Discount Corporation. This latter corporation later reassigned the mortgage to complainant, which thereafter foreclosed the mortgage and filed suit in the Circuit Court to recover possession of the lands described in the mortgage. This suit was against the Langdons. Complainant procured a survey of the land upon which the dwelling house was erected and learned therefrom that the structure in question was not situated on the lands described in the mortgage; that the mortgage contained an erroneous description of the lands intended by the parties to be described in the mortgage. Thereafter follows a prayer for relief, namely, to correct the description or award complainant the building and the right to remove the same from the lands upon which same is situated.

The appellant contends that the trial court erroneously dismissed the bill, contending that Tit. 10, § 191(1), Code of Ala.1940, recomp.1958, "specifically gives the appellant the right to sue in relation to mortgages, enforcement of the provisions thereof and to collect debts secured thereby." The appellee counters with the observation that the statute upon which the appellant relies was repealed by Act 414, approved November 13, 1959, General Acts, 1959, p. 1101. In this the appellees are correct. However, they further contend that the case is presently controlled by § 21(89), Tit. 10, Code, which provides:

"Foreign corporations not qualified to do business in state; contracts or agreements; service on.—All contracts or agreements made or entered into in this state by foreign corporations which have not qualified to do business in this state shall be held to be void at the suit of such foreign corporation or any person claiming through or under such foreign corporation."

In this latter contention the appellees are wrong. This case is controlled by Amendment CLIV (154) to the Constitution of Alabama which was proposed by Acts 1959, p. 1022, submitted November 8, 1960, and proclaimed ratified November 18, 1960 (Proclamation Record, Vol. N., p. 133), which amendment provides:

"Section 1. Any corporation which is not organized under the laws of this State and has no place of business in this State may take and hold mortgages on real property located within this State, deposit the proceeds thereof in a bank account * * * [and] collect the debts secured thereby. * * *

"Section 2. No foreign corporation, which does no other acts in this State than those provided in Section 1 hereof, shall be required to pay any franchise tax, qualification fee, permit fee, nor shall it be required in any other way to qualify to do business in this State."

This amendment to the constitution contains essentially the same provisions as the repealed statute upon which the appellant relies. Obviously, the constitutional amendment, like Tit. 10, § 191 before it, is designed to permit foreign corporations to lend money to residents of Alabama and to take security for such loans in the form of mortgages on real property located within the state, and to enforce such obligations in the courts of Alabama.

It follows, therefore, that the court erred in dismissing the bill of complaint filed herein. Its decree is reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, BLOODWORTH and McCALL, JJ., concur.